UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 12-CR-20832-01

vs.                                              HON. BERNARD A. FRIEDMAN

LAWRENCE MONTGOMERY,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO REDUCE SENTENCE

This matter is presently before the Court on defendant's pro se motion to reduce sentence [docket entry 113]. Plaintiff has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

In January 2014, defendant was charged in a second superseding indictment with various drug and firearms offenses. In September 2015, defendant entered into a plea agreement whereby he pled guilty to Count Four, possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c)(1)(A); Count Sixteen, possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and Count Seventeen, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The parties agreed to a sentencing range of 240-360 months, although the sentencing guidelines called for a sentence of 406-417 months. In October 2015, the Court sentenced defendant to 240 months' imprisonment, the lowest possible sentence under the plea agreement: 60 months on Count

Four, 60 months on Count Sixteen, and 120 months on Count Seventeen, all terms to run consecutively. Defendant did not appeal.

In the instant motion, defendant seeks a reduction in his sentence. He first argues that his sentence was unduly harsh because his § 924(c) convictions (Counts Four and Seventeen) were "stacked," i.e., the first requiring a mandatory five-year sentence and the second a mandatory 25-year sentence. Defendant asserts that "[t]he First Step Act has eliminated the mandatory stacking of 924(c) charges, unless the actual events are truly separate occasions." Def.'s Mot. at 1. This aspect of defendant's motion is denied because the "anti-stacking" provision of the First Step Act does not apply retroactively, as this Court recently held in *United States v. Robinson*, No. 99-CR-80809-04, 2020 WL 3603688, at *3 (E.D. Mich. July 2, 2020) (stating that "[t]he Court has no authority to modify a sentence except as permitted by the First Step Act (or other authority not applicable here), and Congress has specifically indicated that this 'anti-stacking' provision of the Act may not be applied retroactively").[1] As noted, defendant was sentenced in 2015, long before the First Step Act was enacted in December

---

[1] Furthermore, the § 924(c) offenses charged in Counts Four and Seventeen concerned similar but unrelated crimes. Count Four alleged that on March 30, 2012, defendant possessed a Lorcin .380 caliber handgun, a Jing An shotgun, a Remington rifle, and a Cobra .380 caliber handgun in furtherance of the crimes of possessing with intent to distribute cocaine, heroin, and marijuana. Count Seventeen alleged that eights months later, on November 30, 2012, defendant possessed a Glock .40 caliber handgun in furtherance of the crimes of possessing with intent to distribute cocaine and heroin. As these were, in defendant's words, "truly separate occasions," there was no impermissible stacking under defendant's reasoning. Nor was there impermissible stacking under the law that was in effect when defendant was sentenced. *See Deal v. United States*, 508 U.S. 129 (1993). Moreover, defendant was not sentenced to a 25-year prison term on Count Seventeen, so the unfair stacking the First Step Act addressed is not present in his case. Rather, defendant received an enormous benefit from the plea agreement and was sentenced on Count Seventeen to ten years.

2018.

Defendant also seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that "he is housed at FCI-Elkton which has been declared a[n] emergency hotspot as well as a 'virtual petri dish' for COVID-19." Def.'s Mot. at 2. This aspect of defendant's motion is denied because defendant acknowledges that he has not exhausted his remedies within the Bureau of Prisons, a prerequisite to seeking such relief from the Court. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Accordingly,

IT IS ORDERED that defendant's motion to reduce sentence is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: July 29, 2020                Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2020.

Lawrence Montgomery, 47300039            s/Johnetta M. Curry-Williams
Elkton Federal Correctional Institution  Case Manager
Inmate Mail/Parcels
P.o. Box 10
Lisbon, OH 44432

3